UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 1:15-CV-00218-NT ) |
| MELANIE STEADMAN, et al., | ) ) ) |
| Defendants | ) |

**ORDER ON MOTION TO AMEND
CROSSCLAIM (ECF NO. 29)**

This matter is before the Court on Defendant Atlantic Marine Holdings, Inc.'s request to amend its crossclaim. (ECF No. 29.) Through its motion, Atlantic Marine seeks to amend its crossclaim to assert additional facts and further support for its crossclaim. In the event the Court grants the motion, Atlantic Marine asks the Court to consider the default entered against Defendant Pagels on the original crossclaim as entered against Defendant Pagels on the amended crossclaim.

**Discussion**

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "once as a matter of course," subject to certain time constraints. In the case of an answer, freedom to amend without leave of court is permitted within 21 days of the date on which the answer was filed. Fed. R. Civ. P. 15(a)(1)(A). Thereafter, leave of court is required, though leave should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962).

In this case, none of the crossclaim defendants, nor Plaintiff has filed an objection to the motion to amend. The parties, therefore, have waived objection to the motion. D. Me. Loc. R.

7(b). In addition, because the discovery deadline is August 2, 2016, the parties would have sufficient time within which to conduct discovery on the amended crossclaim. The other parties to the action thus would not be prejudiced by the amendment. Accordingly, leave to amend the crossclaim is appropriate.

Atlantic Marine also asks the Court to consider the entry of default entered against Defendant Pagels on the original crossclaim as entered on the amended crossclaim. According to Atlantic Marine, Defendant Pagels has no objection to applying the default to the amended crossclaim. Despite Defendant Pagels's consent, the Court cannot consider the default as entered against Defendant Pagels on the amended crossclaim. The amended crossclaim replaces the original crossclaim, which is no longer an operative pleading in the case. *See* 6 Arthur R. Miller, Mary Kay Kane & A. Benjamin Spencer, Federal Practice and Procedure § 1476 (3d ed. 2016) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case ….") The entry of default on the original crossclaim, therefore, is of no effect as to the amended crossclaim. *See*, *e.g.*, *Jefferson v. United Car Co., Inc.*, No. 2:14-CV-13749, 2015 WL 7208160, at *3 (E.D. Mich. June 11, 2015) (collecting cases); *Anderson v. CitiMortgage, Inc.*, No. 1:11-CV-00583, 2011 WL 6301739 (D. Haw. Nov. 25, 2011) (collecting cases).

## Conclusion

Based on the foregoing analysis, the Court grants Defendant Atlantic Marine's motion to amend its crossclaim. (ECF No. 29.) Defendant Atlantic Marine shall file its answer and the amended crossclaim[1] on or before June 9, 2016.

---

[1] If Defendant Atlantic Marine exercises the leave to amend granted by this Order, Atlantic Marine should file the amended crossclaim within an answer to the complaint so that a complete responsive pleading will be available in one location on the docket.

CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

                                                    /s/ John C. Nivison
                                                    U.S. Magistrate Judge

Dated this 2nd day of June, 2016.